## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER S. MUTKOSKI,<br><br>                      Plaintiff,<br><br>   v.<br><br>RELEVATE   HEALTH   MANAGEMENT,<br>LLC<br><br>                      Defendant. | Civil Action No.: 1:23-cv-11785 |

## ANSWER TO COMPLAINT

In response to the specific allegations in the separately numbered paragraphs of the Complaint filed by Plaintiff Christopher S. Mutkoski ("Plaintiff" or "Mutkoski"), Defendant Relevate Health Management, LLC ("Defendant" or "Relevate"), by and through its undersigned counsel, states as follows:

1.      Relevate denies each and every allegation contained in Paragraph 1 of the Complaint.

2.      Relevate admits that Axon Communications, Inc. ("Axon") offered products to pharmaceutical companies.  Relevate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Relevate admits that Relevate Health, LLC ("Relevate Health") and experienced professionals at the Denver-based private equity firm, Mountaingate Capital Management, L.P. ("Mountaingate Capital"), began exploring the possibility of acquiring Axon in or about August 2021.  Except as so admitted, Relevate denies each and every remaining allegation contained in Paragraph 3 of the Complaint.

1

4.      Relevate admits that from approximately August 2021 until December 30, 2021, Relevate Health and Mountaingate Capital conducted a thorough and extensive due diligence process into the business and operations of Axon.  Relevate denies each and every remaining allegation contained in Paragraph 4 of the Complaint.

5.      Relevate admits that Relevate Health, Relevate Holdings, LP (the "Relevate Partnership"), Axon, Mutkoski, and CLEMM Holdings, Inc. ("Clemm" and, together with Mutkoski, the "Sellers") entered into a Membership Interest Purchase Agreement dated December 30, 2021 (the "Purchase Agreement"), pursuant to which Relevate Health acquired Axon for an initial purchase price of $80.1 million, and that approximately $28 million of the Transaction's final purchase price was rolled into equity of the Relevate Partnership.  Relevate denies each and every remaining allegation contained in Paragraph 5 of the Complaint.

6.      Relevate admits that simultaneously with the Transaction's closing, Plaintiff and Defendant executed an Employment Agreement dated December 30, 2021 (the "Employment Agreement").  Relevate further states that the terms of the Employment Agreement speak for themselves, and denies any characterization thereof by Mutkoski contained in Paragraph 6 of the Complaint.  Except as so admitted, Relevate denies each and every remaining allegation contained in Paragraph 6 of the Complaint.

7.      Relevate admits that, following the Transaction, Plaintiff's title within the Company changed to Head of Representative Enabled Solutions.  Relevate also admits that Mutkoski participated in trainings related to Axon's sales rep enablement solutions.  Relevate also admits that Mutkoski participated in Sales meetings with Company personnel and attended Board meetings.  Relevate denies each and every remaining allegation contained in Paragraph 7 of the Complaint.

8.      Relevate admits that on August 5, 2022, Relevate Health submitted a representation and warranty insurance claim notice ("Claim Notice") alleging certain breaches of contractual representations and warranties in the Purchase Agreement by the Sellers.  Relevate denies each and every remaining allegation contained in Paragraph 8 of the Complaint.

9.      Relevate denies each and every allegation contained in Paragraph 9 of the Complaint.

10.      Relevate admits that it terminated Mutkoski for Cause pursuant to the Employment Agreement on June 22, 2022 and removed him from the Board.  Relevate also admits that the Relevate Partnership exercised certain rights under the Partnership Agreement to repurchase equity formerly held by Clemm.  Relevate further admits that Relevate Health filed an action against the Sellers and Elane Mutkoski in the Delaware Court of Chancery on June 28, 2023 (the "Delaware Action") alleging breach of contract, fraud, fraudulent inducement and unjust enrichment.  The Delaware Action complaint, the Termination Notice, and the Repurchase Notice referenced in Paragraph 10 of the Complaint speak for themselves, and Relevate denies any characterization thereof.  Relevate denies each and every remaining allegation contained in Paragraph 10 of the Complaint.

11.      Relevate admits that the Sellers have filed their answer to the Delaware Action complaint and asserted third-party claims in the Delaware Action.  Relevate denies each and every remaining allegation contained in Paragraph 11 of the Complaint.

12.      Relevate states that the allegations contained in Paragraph 12 of the Complaint state a legal conclusion as to which no response is required.  To the extent a response is required, Relevate denies each and every allegation contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint state a legal conclusion as to which no response is required.  To the extent a response is required, Relevate denies each and every allegation contained in Paragraph 13 of the Complaint.

14.     Relevate denies each and every allegation contained in Paragraph 14 of the Complaint.

## Parties and Jurisdiction

15.     Relevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Relevate admits the allegations contained in Paragraph 16 of the Complaint.

17.     Relevate admits the allegations contained in Paragraph 17 of the Complaint.

18.     Relevate admits the allegations contained in Paragraph 18 of the Complaint.

## Statement of Facts

### *The Transaction*

19.     Relevate admits that Axon is a leading innovator in live and remote video capture, custom digital solutions, and multichannel distribution for peer-to-peer and patient education programs.  Relevate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Relevate admits that it is an affiliate of, and managed by, Relevate Health, and that Relevate Health, among other things, provides data and analytics-driven healthcare marketing products and services for life sciences companies.  Relevate denies each and every remaining allegation contained in Paragraph 20 of the Complaint.

21.     Relevate admits that Relevate Health and Mountaingate Capital began exploring the possibility of acquiring Axon in or about August 2021.  Relevate denies each and every remaining allegation contained in Paragraph 21 of the Complaint.

22.     Relevate admits that from approximately August 2021 until December 30, 2021, Relevate Health and Mountaingate Capital conducted a thorough and extensive due diligence process into the business and operations of Axon, during which Relevate retained Alvarez & Marsal ("A&M") and Hogan Lovells US LLP to render services in connection with the due diligence process.  Relevate denies each and every remaining allegation contained in Paragraph 22 of the Complaint.

23.     Relevate admits that one area of focus during the due diligence period was on Axon's historical cash-based financial statements, in other words, recognizing revenue and expenses at the time the cash is received or paid out.  Relevate denies each and every remaining allegation contained in Paragraph 23 of the Complaint.

24.     Relevate admits that Axon provided a spreadsheet with information regarding dozens of its projects, including what purported to be management's "best estimate" of each project's status based on Mr. Mutkoski's conversations with project managers, involvement in project kick-off meetings, general awareness of major project milestones, and the billing and collection of revenue associated with each.  Relevate denies each and every remaining allegation contained in Paragraph 24 of the Complaint.

25.     Relevate admits that Relevate Health assessed Axon's revenue using the data provided by Plaintiff, and that Relevate Health and Axon created a spreadsheet with inputs supplied by Mutkoski and others at Axon and apportioned revenue across project months on a pro rata basis.  Relevate further admits that this spreadsheet was appended as Exhibit C to the Purchase

Agreement.  Relevate denies each and every remaining allegation contained in Paragraph 25 of the Complaint.

26.     Relevate admits that Relevate Health offered to acquire Axon for an initial purchase price of $80.1 million on or around October 29, 2021. Relevate also admits that the Sellers accepted Relevate Health's $80.1 million offer, and that the Transaction closed on December 30, 2021.  Relevate denies each and every remaining allegation contained in Paragraph 26 of the Complaint.

27.     Relevate lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     Relevate admits that Plaintiff and Defendant entered into the Employment Agreement, dated December 30, 2021.  The terms of the Employment Agreement speak for themselves, and Relevate denies any characterization thereof by Mutkoski contained in Paragraph 28 of the Complaint.

29.     Relevate admits the terms of Plaintiff's former employment are set forth in the Employment Agreement, to which Defendant had actual knowledge.  Relevate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint.

*Mr. Mutkoski's Employment Agreement*

30.     The terms of the Employment Agreement speak for themselves, and Relevate denies any characterization thereof by Mutkoski contained in Paragraph 30 of the Complaint.

31.     Relevate admits that at all relevant times, pursuant to Section 2(a) of the Employment Agreement, Defendant or its affiliates paid Plaintiff a base salary of $150,000 per

year.  The terms of the Employment Agreement speak for themselves, and Relevate denies any characterization thereof by Mutkoski contained in Paragraph 31 of the Complaint.

32.    The terms of the Employment Agreement speak for themselves, and Relevate denies any characterization thereof by Mutkoski contained in Paragraph 32 of the Complaint.

33.    The terms of the Employment Agreement speak for themselves, and Relevate denies any characterization thereof by Mutkoski contained in Paragraph 33 of the Complaint.

*Relevate Health Experiences Buyer's Remorse*

34.    Relevate denies each and every allegation contained in Paragraph 34 of the Complaint.

35.    Relevate denies each and every allegation contained in Paragraph 35 of the Complaint.

36.    Relevate denies each and every allegation contained in Paragraph 36 of the Complaint.

37.    Relevate denies each and every allegation contained in Paragraph 37 of the Complaint.

38.    Relevate admits that Relevate Health and the Sellers jointly developed Exhibit C to the Purchase Agreement, utilizing inputs supplied by Mutkoski and others at Axon.  Relevate denies each and every remaining allegation contained in Paragraph 38 of the Complaint.

39.    Relevate denies each and every allegation contained in Paragraph 39 of the Complaint.

40.    Relevate denies each and every allegation contained in Paragraph 40 of the Complaint.

41.    Relevate admits that Relevate Health filed a Claim Notice on August 5, 2022.  The provisions of the Claim Notice speak for themselves, and Relevate denies any characterization thereof by Mutkoski contained in Paragraph 41 of the Complaint.  Relevate denies each and every remaining allegation contained in Paragraph 41 of the Complaint.

42.    Relevate admits that Relevate Health and its due diligence team at A&M worked side-by-side with Plaintiff and the Axon team to prepare Exhibit C.  Relevate denies each and every remaining allegation contained in Paragraph 42 of the Complaint.

43.    Relevate denies each and every allegation contained in Paragraph 43 of the Complaint.

44.    Relevate denies each and every allegation contained in Paragraph 44 of the Complaint.

*Defendant Wrongfully Terminates Mr. Mutkoski For Cause and Strips Him of His Equity*

45.    Relevate admits that the Termination Notice was sent to Plaintiff on June 22, 2023. The Termination Notice speaks for itself, and Relevate denies any characterization by Mutkoski thereof contained in Paragraph 45 of the Complaint.  Relevate denies each and every remaining allegation contained in Paragraph 45 of the Complaint.

46.    The Termination Notice speaks for itself, and Relevate denies any characterization by Mutkoski thereof contained in Paragraph 46 of the Complaint.

47.    The Termination Notice speaks for itself, and Relevate denies any characterization by Mutkoski thereof contained in Paragraph 47 of the Complaint.

48.    Relevate denies each and every allegation contained in Paragraph 48 of the Complaint.

49.     Relevate denies each and every allegation contained in Paragraph 49 of the Complaint.

50.     Relevate denies each and every allegation contained in Paragraph 50 of the Complaint.

51.     Relevate denies each and every allegation contained in Paragraph 51 of the Complaint.

52.     Relevate denies each and every allegation contained in Paragraph 52 of the Complaint.

**RESPONSE TO
COUNT I**

**(Breach of Contract)**

53.     In response to Paragraph 53 of the Complaint, Relevate repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1 through 52 of the Complaint.

54.     The allegations contained in Paragraph 54 of the Complaint state legal conclusions as to which no response is required.

55.     Relevate denies each and every allegation contained in Paragraph 55 of the Complaint.

56.     Relevate denies each and every allegation contained in Paragraph 56 of the Complaint.

57.     Relevate denies each and every allegation contained in Paragraph 57 of the Complaint.

58.     Relevate denies each and every allegation contained in Paragraph 58 of the Complaint.

59.     Relevate denies each and every allegation contained in Paragraph 59 of the Complaint.

60.     Relevate denies each and every allegation contained in Paragraph 60 of the Complaint.

61.     Relevate denies each and every allegation contained in Paragraph 61 of the Complaint.

62.     Relevate denies each and every allegation contained in Paragraph 62 of the Complaint.

**RESPONSE TO**
**COUNT II**

**(Breach of Covenant of Implied Good Faith and Fair Dealing)**

63.     In response to Paragraph 63 of the Complaint, Relevate repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1 through 62 of the Complaint.

64.     The allegations contained in Paragraph 64 of the Complaint state legal conclusions as to which no response is required.

65.     Relevate denies each and every allegation contained in Paragraph 65 of the Complaint.

66.     The allegations contained in Paragraph 66 of the Complaint state legal conclusions as to which no response is required.

67.     Relevate denies each and every allegation contained in Paragraph 67 of the Complaint.

68.     Relevate denies each and every allegation contained in Paragraph 68 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Relevate denies each and every allegation and claim of entitlement to relief contained in subparts A-E of Plaintiff's Prayer for Relief.

WHEREFORE, Relevate requests that the Court grant the following relief:

1. Judgment in favor of Relevate;

2. A declaration that Mutkoski was properly terminated for cause and is not entitled to any payments or other relief under the Employment Agreement;

3. An award of all attorneys' fees, costs, and expenses incurred by Relevate in connection with this action; and

4. Any such additional relief as the Court deems fair and just.

## RELEVATE'S DEFENSES

Relevate asserts the following defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.  In addition to the defenses set forth below, Relevate expressly reserves the right to assert any and all additional defenses that may develop during the course of investigation, discovery, and litigation of this action.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Mutkoski's claims are barred, in whole or in part, because Mutkoski has breached the Employment Agreement.  Mutkoski is accordingly unable, as a breaching party, to establish the required elements of his claims.

**THIRD DEFENSE**

Mutkoski's claims are barred, in whole or in part, under the doctrine of equitable recoupment based on Mutkoski's fraudulent conduct, described more fully in the Delaware Action. Mutkoski is accordingly barred from any recovery from Relevate.

**FOURTH DEFENSE**

Mutkoski's claims are barred, in whole or in part, by Mutkoski's unclean hands.

**FIFTH DEFENSE**

Mutkoski's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

**SIXTH DEFENSE**

Mutkoski's claims are barred, in whole or in part, by Mutkoski's failure to mitigate damages, if any.

**SEVENTH DEFENSE**

Mutkoski's claims are barred, in whole or in part, by public policy.


Dated: August 29, 2023                        Respectfully Submitted,

                                              By:  */s/ Safa Osmani*
                                                   Gregory F. Noonan (BBO # 651035)
                                                   Safa Osmani (BBO # 697034)
                                                   HOGAN LOVELLS US LLP
                                                   125 High Street, Suite 2010
                                                   Boston, MA 02110
                                                   Tel:    (617) 371-1000
                                                   Fax:    (617) 371-1037
                                                   gregory.noonan@hoganlovells.com
                                                   safa.osmani@hoganlovells.com

William M. Regan (admitted *pro hac vice*)
David R. Michaeli (admitted *pro hac vice*)
Maya Jumper (admitted *pro hac vice*)
Soo Bin Ahn (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Tel:     (212) 918-3000
Fax:     (212) 918-3100
william.regan@hoganlovells.com
david.michaeli@hoganlovells.com
maya.jumper@hoganlovells.com
soobin.ahn@hoganlovells.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of the filing to those attorneys of record registered on the CM/ECF system.

<u>/s/ *Safa Osmani*</u>
Safa Osmani
